IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **HILARIE BURSTEN,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Case No. 4:24-cv-196 |
| § | |
| **CHRISTIE CANNON REALTY TEAM,** § | |
| **INC. AND CHRISTIE CANNON,** § | |
| **INDIVIDUALLY,** § | |
| § | |
| **Defendants.** § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Hilarie Bursten ("Bursten") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.  For cause of action, she respectfully shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed."  *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Bursten, a non-exempt lead generator, in accordance with the guarantees and protections of the FLSA.  Defendants have failed and refused

to pay Bursten at time-and-one-half her regular rate of pay for all hours worked in excess of forty hours within a workweek, although Defendants had full knowledge that Bursten was both non-exempt and consistently worked over forty hours per workweek.

## II. PARTIES

3. Plaintiff Hilarie Bursten is a Texas resident, residing in Frisco, Texas.

4. Christie Cannon Realty Team, Inc. ("CCRT") is and/or was a domestic corporation doing business in Texas, but whose registration has been forfeited.

5. CCRT's registered agent for service of process is Curtis P. Davis, who can be served at 6932 Main Street, Frisco, Texas 75034.

6. At all times relevant to this claim, CCRT was an employer of Bursten as defined by 29 U.S.C. §203(d).

7. Christie Cannon was and is CCRT's President and Director and Bursten's supervisor.

8. Christie Cannon is an individual residing in or around Frisco, Texas.

9. At all times relevant to this claim, Christie Cannon was an employer of Bursten as defined by 29 U.S.C. §203(d).

10. Christie Cannon may be served at 10014 Mallory Drive, Frisco, Texas 75035.

11. Christie Cannon acted directly or indirectly in the interest of CCRT in relation to Bursten's employment.

12. Christie Cannon exercised managerial responsibilities and substantial control over employees of CCRT, including Bursten.

13. Christie Cannon exercised managerial responsibilities and substantial control over the terms and conditions of employees of CCRT, including the terms and conditions of Bursten's employment.

14. Christie Cannon had and exercised the authority to hire, fire and direct employees of CCRT,

including Bursten.

15. Christie Cannon had and exercised the authority to supervise and control the employment relationships and work schedules of employees of CCRT, including Bursten.

16. Christie Cannon had and exercised the authority to set and determine the rate and method of pay of employees of CCRT, including Bursten.

17. Christie Cannon had and exercised the authority to decide whether employees of CCRT, including Bursten, received overtime compensation.

18. Christie Cannon also kept and maintained employment records for employees of CCRT, including Bursten.

### III. JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction in this matter because Bursten asserts claims arising under federal law. Specifically, Bursten asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

20. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Collin County, Texas, which is in this District and Division, and where Defendants' primary office is located.

21. Bursten was an employee of Defendants and performed work for Defendants in and around Collin County, Texas. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

22. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer concerning Bursten.

23. At all relevant times, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. At all relevant times, Defendant CCRT has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. At all relevant times, Defendant CCRT has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that CCRT is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

26. At all times hereinafter mentioned, Bursten was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

27. As an employee of Defendants, Bursten handled items such as cell phones, computers, printers and other office supplies as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V.  FACTUAL ALLEGATIONS

28. Defendants operate a real estate brokerage in Frisco, Texas in association with Keller Williams, assisting individuals with buying and selling houses.

29. Defendants employed Bursten at their real estate business where she worked as a lead generator, answering phone calls, developing leads, and then passing these leads on to agents working for Defendants.

30. Bursten was paid on a salary basis.

31. Bursten was not paid any additional compensation for working more than forty hours in a workweek.

32. Bursten did not perform any of the duties associated with any of the exemptions under the FLSA.

33. As such, Defendants were required to pay Bursten overtime premiums for all hours worked over forty hours per week.

34. Bursten routinely worked long hours and consistently worked more than forty hours per week.

35. At no time did Defendants pay Bursten overtime compensation for any hours worked over forty per week.

36. Defendants were fully aware of their obligations to pay overtime compensation to non-exempt employees such as Bursten.

37. Defendants purposefully ignored their obligations to pay overtime compensation to non-exempt employees such as Bursten.

38. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Bursten for her overtime hours.

## VI. CAUSE OF ACTION:

## FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

39. Bursten incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

40. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Bursten, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours, without compensating such employees, including Bursten, for work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rate for which such employees, including Bursten, were employed. Defendants have acted willfully in failing to pay their non-exempt employees, including Bursten, in accordance with applicable law.

## VII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Plaintiff Hilarie Bursten prays for judgment against Defendants Christie Cannon Realty Group, Inc. and Christie Cannon, jointly and severally, as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Bursten and for liquidated damages equal in amount to the unpaid compensation found due to Bursten;

    b.    For an Order awarding Bursten reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

    c.    For an Order awarding Bursten pre-judgment and post-judgment interest at the highest rates allowed by law;

   d. For an Order awarding Bursten declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

   e. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

        Respectfully Submitted,

        **WELMAKER LAW, PLLC**
        409 N. Fredonia, Suite 118
        Longview, Texas 75601
        Tel: (512) 499-2048

      By: */s/ Douglas B. Welmaker*
        Douglas B. Welmaker
        Texas State Bar No. 00788641
        doug@welmakerlaw.com

        **ATTORNEY FOR PLAINTIFF**