IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HILARIE BURSTEN, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-196 |
| | § | |
| CHRISTIE CANNON REALTY TEAM, | § | |
| INC. AND CHRISTIE CANNON, | § | |
| INDIVIDUALLY, | § | |
|    *Defendants* | § | |

## DEFENDANTS' ORIGINAL ANSWER AND ORIGINAL COUNTERCLAIM

Defendants Christie Cannon Realty Team, Inc., and Christie Cannon, Individually (collectively "Defendants") file its Original Answer to Plaintiff's Original Complaint and Original Counterclaim and would respectfully show as follows:

### NATURE OF SUIT

1. The allegations in paragraph 1 of the Complaint constitute legal conclusions or a characterization of Plaintiff's complaints to which no response is required.

2. Defendants deny the allegations contained in Paragraph 2.

3. Defendants admit that Hilarie Bursten ("Bursten") is a Texas resident. Defendants do not have sufficient knowledge to admit or deny the remaining allegations in Paragraph 3.

4. Defendants admit that Christie Cannon Realty Team, Inc ("CCRT") is a domestic corporation doing business in Texas. Defendants deny the remaining allegations in Paragraph 4.

5. Defendants admit the allegations contained in Paragraph 5.

6. Defendants admit that CCRT was Bursten's employer from February 2023 until her separation from CCRT.

7. Defendants admit the allegations contained in Paragraph 7.

8. Defendants deny the allegations contained in Paragraph 8.

9. Defendants deny the allegations contained in Paragraph 9.

10. Defendants deny the allegations contained in Paragraph 10.

11. Defendants admit the allegations contained in Paragraph 11.

12. Defendants admit the allegations contained in Paragraph 12.

13. Defendants admit the allegations contained in Paragraph 13.

14. Defendants admit the allegations contained in Paragraph 14.

15. Defendants admit as to Christie Cannon exercising authority to supervise and controlling the employment relationship as to Bursten. Defendants deny Christie Cannon controlling the work schedule of Bursten. Defendants deny the remaining allegations in Paragraph 15.

16. Defendants admit the allegations contained in Paragraph 16.

17. Defendants admit the allegations contained in Paragraph 17.

18. Defendants admit the allegations contained in Paragraph 18.

## JURISDICTION AND VENUE

19. The allegations in Paragraph 19 of the Complaint constitute legal conclusions or a characterization of Plaintiff's complaints to which no response is required. To the extent a response is required, Defendants admit the allegations contained in Paragraph 19.

20. The allegations in Paragraph 20 of the Complaint constitute legal conclusions or a characterization of Plaintiff's complaints to which no response is required. To the extent a response is required, Defendants admit the allegations contained in Paragraph 20.

21. Defendants admit Bursten was an employee of CCRT from February 2023 until her separation, and her employment was in and around Colin County, Texas. The remaining allegations in Paragraph 21 of the Complaint constitute legal conclusions or a characterization of Plaintiff's complaints to which no response is required. To the extent a response is required, Defendants admit the allegations contained in Paragraph 21.

## COVERAGE UNDER THE FLSA

22. Defendants deny Bursten was an employee of Christie Cannon. Defendants admit the remaining allegations contained in Paragraph 22.

23. Defendants admit the allegations contained in Paragraph 23 as to CCRT. Defendants deny the allegations as to Christie Cannon.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants admit CCRT has had and does have an annual gross volume of business of not less than $500,000. Defendants deny the remaining factual allegations contained in Paragraph 25.

26. Defendants admit the allegations contained in Paragraph 26 as to CCRT. Defendants deny the allegations as to Christie Cannon.

27. Defendants admit Bursten handled items such as cell phones, computers, printers, and other office supplies. The remaining allegations in Paragraph 27 of the Complaint constitute legal conclusions or a characterization of Plaintiff's complaints to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 27.

## FACTUAL ALLEGATIONS

28. Defendants admit the allegations in Paragraph 28.

29. Defendants admit that as of February 2023, Bursten was employed. Defendants admit that some of Bursten's duties included answering phone calls, developing leads, and passing leads on to other agents. Defendants deny the remaining allegations in Paragraph 29.

30. Defendants admit the allegations in Paragraph 30.

31. Defendants admit the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants admit the allegations in Paragraph 35.

36. Defendants deny that Bursten was a non-exempt employee. Defendants admit the remaining allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

## CAUSE OF ACTION
## FAILURE TO PAY WAGES IN ACCORDANCE WITH
## THE FAIR LABOR STANDARDS ACT

39. The allegations in paragraph 39 of the Complaint constitute legal conclusions or a characterization of Plaintiff's complaints to which no response is required.

40. Defendants deny the allegations in paragraph 40.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Defendants assert limitations on all wage claims sought for pay periods beginning more than two years prior to the date Plaintiff filed his Complaint.

3. The Complaint is barred in whole or in part by all applicable statutes of limitations, including but not limited to those described in 29 U.S.C. § 255.

4. Although Defendants deny the allegations of unlawful conduct as set forth in the Complaint, Plaintiff is not entitled to liquidated damages, pursuant to 29 U.S.C. § 260, because Defendants acted in good faith compliance of the Fair Labor Standards Act ("FLSA") at all relevant times and had reasonable grounds to believe they complied with and did not violate the FLSA and administrative and enforcement policies of the Department of Labor; all acts or omissions Plaintiff claims Defendants (including its officers, managers, and agents) violated her rights afforded by FLSA were not willful; Defendants (including its officers, managers, and agents) did not authorize or ratify any willful violation with respect to Plaintiff; and Plaintiff failed to plead facts sufficient to support recovery of such damages.

5. Alternatively, all claims for damages under the FLSA are limited to three years prior to the date Plaintiff filed the Complaint.

6. Plaintiff is not entitled to and cannot recover attorneys' fees.

7. The claims of Plaintiff under the FLSA are barred in whole or part to the extent the work they performed fell within exemptions, exclusions, or credits provided by the FLSA.

8. Although Defendants deny violating the FLSA, any such failure on the part of Defendants to comply with the FLSA for the disputed time for which Plaintiff claims as unpaid is not compensable under the *de minimus* doctrine and rounding regulations.

9. The claims of Plaintiff are barred by the doctrines of laches, waiver, and estoppel by reason of his acts, omissions, and course of conduct.

10. Plaintiff had and has a duty to mitigate her alleged damages. The Court should reduce or offset such damages, if any, by the failure to mitigate damages or based upon successful mitigation efforts.

11. The claims are barred to the extent Plaintiff seeks recovery for time that is not compensable.

12. Plaintiff's position for Defendants fall within one or more exemption under the Fair Labor Standards Act.

13. Defendants reserve the right to assert additional defenses as the parties' claims and defenses are clarified through discovery.

## DEFENDANTS' ORIGINAL COUNTERCLAIM

## FACTUAL BACKGROUND

1. On September 29, 2023, Bursten and The Christie Cannon Realty Team ("Cannon Realty") executed a Loan Repayment Agreement ("Agreement") for Bursten to borrow $4,968.03 for the advancement of a commission to Bursten. A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

2. Bursten was responsible with re-paying Cannon Realty pursuant to the Agreement in 24 monthly payments, beginning in October of 2023, and ending in August of 2024. The payments were deducted from her pay during Bursten's employment, but

Bursten agreed to pay the remaining balance upon her termination from Christie Cannon Realty Team for whatever reason.

3. In February of 2024, Bursten's employment was separated and she stopped making the requisite payments. The amount remaining under the Agreement is $3,105.00.

## COUNT I – BREACH OF CONTRACT

4. Defendants re-allege the allegations above as though fully set forth herein.

5. Bursten and Cannon Realty entered the Agreement in which Cannon Realty paid an advancement to Bursten for a commission. Bursten was responsible for re-paying Cannon Reality.

6. Cannon Realty fully performed its obligations under the Agreement.

7. Bursten has failed to make the requisite payments, and as a result, Bursten directly or proximately caused Cannon Realty damages in the amount of at least $3,105.00.

## DAMAGES

8. Cannon Realty seeks judgment against Bursten for:

   a. Awarding a money judgment against Bursten for her contractual debts and obligations in the amount of $3,105.00, plus interest at the highest rate allowed by applicable law;

   b. The costs, expenses and attorney's fees incurred as a result of Bursten's breach of contract; and

      c. Such other and further relief as the Court deems just and proper.

## DEFENDANTS' PRAYER FOR RELIEF

Defendants Christie Cannon Realty Team, Inc. and Christie Cannon, Individually, having answered herein, prays (1) that Plaintiff receive a take nothing judgment, (2) that any award to Plaintiff be reduced or barred based on Defendants' affirmative defenses, (3) for such other and further relief, both general and special, to which Defendants may be justly entitled (4) Damages in the principal amount of approximately $3,105, plus interest (5) Recover all attorney fees, related nontaxable expenses, and costs provided for under Fed. R. Civ. P. 54(d), as well as any other relief to which it may be entitled.

        Respectfully submitted,

        **BELL NUNNALLY & MARTIN LLP**

By:    */s/ Katie Beaird*
        Jay Wallace
        State Bar No. 20769200
        jwallace@bellnunnally.com
        Katie Beaird
        State Bar No. 24092099
        kbeaird@bellnunnally.com
        K. Shane Thomas
        State Bar No. 24126045
        sthomas@bellnunnally.com

2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Tel: 214/740-1400
Fax: 214/740-1499

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on April 9, 2024, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

    Douglas B. Welmaker
    Welmaker Law, PLLC
    409 N. Fredonia, Suite 118
    Longview, Texas 75601
    doug@welmakerlaw.com

        */s/ Katie Beaird*
        Katie Beaird