IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HILARIE BURSTEN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 4:24-cv-196-ALM |
| § | |
| CHRISTIE CANNON REALTY TEAM, § | |
| INC. AND CHRISTIE CANNON, § | |
| INDIVIDUALLY, § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**

Plaintiff moves to dismiss Defendants' state-law counterclaim on jurisdictional grounds because it is not a compulsory counterclaim and the Court should decline to exercise supplemental jurisdiction over it under well-reasoned FLSA precedent. *Alford v. State Parking Servs., Inc*., No. 3:13-cv-4546-L, 2014 WL 6977639, at *6 (N.D.Tex. December 10, 2014) ("The Fifth Circuit disfavors counterclaims in FLSA cases.").

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Hilarie Bursten brought this action under the Fair Labor Standard Act, 29 U.S.C. §§ 201, *et seq*. She was a salaried non-exempt lead generator who worked for Defendants Christie Cannon Realty Team, Inc., and Christie Cannon, Individually (collectively "Defendants"). Bursten regularly worked over 40 hours per workweek. Defendants, however, refused to pay her overtime compensation for these hours.

On March 4, 2024, Bursten filed this individual action alleging that Defendants violated the FLSA's mandatory overtime provisions by failing to pay her at a rate no less than 1.5 times

her regular rate of pay when she worked over 40 hours in a workweek.

Defendants answered the lawsuit on April 9, 2024. In their Answer, Defendants assert a state-law breach-of-contract counterclaim against Bursten. More specifically, Defendants allege that Bursten "breached" the terms of a loan repayment agreement. Dkt. 5, pp.7-8.

Bursten's FLSA claims arise from work performed from February 2023 to January 2024. They concern her hours worked, the amount of compensation that Defendants paid her for her work, her job duties, and Defendants' attempts to comply with their FLSA obligations. Defendants' state-law counterclaim allegedly arises from Bursten's failure to repay a loan.

## ARGUMENTS & AUTHORITIES

**1.      Defendants' State-Law Counterclaim is Not Compulsory.**

This motion is brought under Fed. R. Civ. P. 12(b)(1) because federal courts have limited subject matter jurisdiction and this Court lacks jurisdiction to consider Defendants' state-law counterclaim. There is no original jurisdiction here because Defendants' counterclaim is not compulsory. *See Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 712 (5th Cir. 1970). Under Fed. R. Civ. P. 13, a compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." In deciding whether a counterclaim is compulsory, a court must resolve each of the following:

> (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.

*Tank Insulation Int'l Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85–86 (5th Cir.1997) (citation omitted). Defendants' breach-of-contract counterclaim fails to meet any of these criteria.

First, the counterclaim involves different issues of fact and law from Plaintiff's FLSA

claim. Bursten's overtime claim arises from the work she performed for Defendants from February 2023 through January 2024. The claim concerns her hours worked, the amount of pay she received for the work, her job duties and Defendants' attempts to comply with their FLSA obligations. In contrast, Defendants' counterclaim arises from Bursten's alleged failure to repay a loan. The counterclaim turns on construing the contract's terms, how much money was previously paid under the agreement, and the agreements' enforceability under Texas common law and TEX. BUS. & COMM. CODE §§ 15.50-15.21. There is simply no overlap in the facts or law involved in the different claims.

Second, res judicata would not bar Defendants from later raising their counterclaim, as res judicata only "bar[s] litigation of 'issues which were actually litigated and all issues which might have been raised in that earlier suit.'" *Tank*, 104 F.3d at 87. The parties will not litigate issues regarding the alleged breach of contract in resolving the issue of overtime compensation owed to Bursten.

Third, it is clear that different evidence will be necessary to support or refute Bursten's FLSA claim and Defendants' counterclaim. The FLSA claim relies on Defendants' timesheets, pay records and records reflecting Plaintiff's job duties. Evidence for the counterclaim will require testimony from Defendant and other non-parties that observed the facts underlying the formation and execution of the contract Defendants claim Plaintiff breached.

And fourth, no logical relationship exists between Bursten's FLSA claims and Defendants' counterclaim. The Fifth Circuit favors the "logical inquiry" test. *See Nat'l Liability & Fire Ins. Co. v. R & R Marine, Inc.*, 756 F.3d 825, 835 (5th Cir.2014); *Ormet Primary Aluminum Corp. v. Ballast Techs., Inc.*, 436 F. App'x 297, 299 (5th Cir.2011). A logical relationship exists where "the same operative facts serve[ ] as the basis of both claims or the aggregate core of facts upon

which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Nat'l Liability*, 756 F.3d at 825 (citation omitted). As illustrated above, even a cursory review of the FLSA claim and Defendants' counterclaim reveals that the parties' respective pleadings refer to completely different factual circumstances. Further, Defendants' counterclaim does not activate additional rights in defending against Bursten's FLSA claim. Hence, there is no logical relationship between the FLSA claim and Defendants' counterclaim.

Recent decisions of other Texas federal district courts analyzing whether a breach-of-contract counterclaim filed in an FLSA action is compulsory have come to the same conclusion. *See, e.g., Alford v. State Parking Servs., Inc.*, No. 3:13-cv-4546-L, 2014 WL 6977639, at * 3-4 (December 10, 2014); *Coronado v. D.N.W. Houston, Inc.,* No. H-13-2179, 2014 WL 2779548, at *2-3 (June 19, 2014). In *Alford*, for example, the plaintiffs sued to recover overtime pay under the FLSA. The defendant counterclaimed, alleging the plaintiff breached a non-compete agreement, made disparaging remarks about it, and interfered with existing contracts and prospective business relations. *Id.,* 2014 WL 6977639, at * 3. The Court held that defendant's counterclaim was only permissive and found it did not have supplemental jurisdiction. *Id.* at * 5. Because Defendants' counterclaim here is not compulsory, it is permissive and original jurisdiction does not exist.

2. **Defendants' State-law Counterclaim is Not Appropriate for the Exercise of Supplemental Jurisdiction.**

Although the Court still could exercise jurisdiction over Defendants' counterclaim if the counterclaim is consonant with the supplement jurisdiction rule,[1] Bursten's FLSA claim and

---

[1] Two circuits—the Second and Seventh Circuits—have concluded that an independent basis for jurisdiction is not necessary for permissive counterclaims to remain in federal court. *See Alford v. State Parking Servs., Inc.*, No. 3:13-cv-4546-L, 2014 WL 6977639, at * 3-4 (N.D.Tex. Dec. 10, 2014) (citing *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212 (2d Cir.2004) and *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 385 (7th Cir.1996)). The Fifth Circuit, however, has not directly addressed whether 28 U.S.C. § 1367 completely displaces the independent basis requirement, and after determining there is no independent basis for jurisdiction, it requires courts to determine whether supplemental jurisdiction exists. *Id.* (citing *Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir.2004)

Defendants' counterclaim do not derive from a common nucleus of operative facts and are not so linked that they would be expected to be tried in one proceeding. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 580, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) (citation omitted) (supplemental jurisdiction exists "when the state and federal claims 'derive from a common nucleus of operative fact' and are so linked that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding'").

As set forth more fully above, Bursten's overtime claim and Defendants' breach-of-contract counterclaim involve different areas of law and separate factual allegations. Bursten's FLSA claim pertains solely to Defendants' failure to pay overtime when Bursten worked over 40 hours in a week (essentially, all dates during her employment). On the other hand, Defendants' breach of contract claim pertains solely to whether the parties entered into a loan repayment agreement and whether Plaintiff breached that agreement. Simply stated, there is no common nucleus of operative fact.

3. **The Purpose of FLSA Litigation is to Enforce a Public Right to Fair Pay, not to Entertain Employers' Private Disputes Against Employees.**

Even were supplemental jurisdiction over Defendants' counterclaim a possibility, the Court still should decline to exercise it. Section 1367(c) states that "district courts may decline to exercise supplemental jurisdiction," among other things, when "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

Congress enacted the FLSA to protect employees from "the evil of 'overwork' as well as 'underpay.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (citations omitted). To achieve its humanitarian goals, the FLSA

---

("[Section 1367] grants supplemental jurisdiction over other claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy.'").

Plaintiff's Motion to Dismiss Defendants' Counterclaim – Page 5

guarantees a federal minimum wage and requires employers to pay employees who work more than 40 hours per work week a wage premium of not less than one and one-half times an employee's regular rate of pay. 29 U.S.C. §§ 206 and 207.

To protect these important wage rights, FLSA litigation differs from other kinds of employment litigation; the types and kinds of counterclaims and defenses an employer may assert in a FLSA suit are circumscribed for obvious and straightforward reasons:

> The federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors. Their sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages …The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter [FLSA] proceedings with the minutiae of other employer-employee relationships would be antithetical to the purposes of the Act.

*Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir.1974), rev'd on other grounds, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)

Courts in the Fifth Circuit have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused. *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 741 (5th Cir.2010) (citing *Brennan*, 491 F.2d 1, 4 (5th Cir.1974) and *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir.1983) ("[T]he purpose of the present action is to bring Pointon into compliance with the Act by enforcing a public right. To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process."). For similar reasons, set-offs are prohibited in FLSA actions except in the narrow circumstance when "the money being set off can be considered wages that the employer pre-paid to the employee-plaintiff. *Martin,* 628 F.3d at 741 (interpreting *Singer v. City of Waco*, 324 F.3d 813 (5th Cir.2003) and *Gagnon v. United Technisource*, Inc., 607 F.3d 1036 (5th Cir.2010)).

In *Gagnon*, the district court refused to address contract and fraud counterclaims brought by the defendant-employers against an FLSA plaintiff. *Id*. at 1040. The employers appealed, arguing that the district court erred by not addressing the proposed counterclaims. The Fifth Circuit affirmed, stating that although the employers' claims were meritless, "our precedent suggests that such claims should not be addressed in a[n] FLSA action." *Id*. at 1042 (citing *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir.1974), rev'd on other grounds, *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (noting that the only function of the federal judiciary under the FLSA "is to assure to the employees of a covered company a minimum level of wages" and holding that "[a]rguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the [FLSA]")).

Based on *Heard*, *Martin*, *Gagnon* and their progeny, other courts in this District have remained steadfast in relying on the special nature of FLSA rights to decline to exercise supplemental jurisdiction over defendant-employers' permissive counterclaims against FLSA plaintiffs. *See, e.g., Alford*, No. 3:13-cv-4546-L, 2014 W.L. 6977639 (N.D.Tex. Dec. 10, 2014); and *Coronado v. D.N.W. Houston, Inc.,* No. H-13-2179, 2014 WL 2779548 (S.D. Tex. 2014). Thus, even assuming supplemental jurisdiction exists, the facts and circumstances of this FLSA action and Defendants' proposed breach-of-contract counterclaim provide "compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

For the reasons set forth above, Plaintiff requests that this Court Dismiss Defendants' Counterclaim against Plaintiff.

        Respectfully Submitted,

        **WELMAKER LAW, PLLC**
        409 N. Fredonia, Suite 118
        Longview, Texas 75601
        Tel: (512) 499-2048

        By: */s/ Douglas B. Welmaker*
            Douglas B. Welmaker
            Texas State Bar No. 00788641
            doug@welmakerlaw.com

        **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User on April 20, 2024.

        /s/ Douglas B. Welmaker
        Douglas B. Welmaker